**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 9:23-cv-81332-MIDDLEBROOKS

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

THIRD FRIDAY MANAGEMENT, LLC and
MICHAEL E. LEWITT,

      Defendants.

_____/

## JUDGMENT AS TO DEFENDANTS THIRD FRIDAY MANAGEMENT, LLC AND MICHAEL E. LEWITT

THIS CAUSE comes before the Court upon the Parties' request for consent judgment pursuant to Federal Rule of Civil Procedure 54(b). (DE 22). Defendants Third Friday Management and Michael E. Lewitt have entered a general appearance, have consented to the Court's jurisdiction over them and the subject matter of this action, and have consented to entry of this Judgment without admitting or denying the allegations of the Amended Complaint (except as to jurisdiction and as otherwise provided herein in Section III). Further, Defendants have waived findings of fact and conclusions of law and waive any right to appeal from this Judgment. Accordingly, it is **ORDERED AND ADJUDGED** that:

### I.    PERMANENT INJUNCTIVE RELIEF

#### A. Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5

Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      (a)      to employ any device, scheme, or artifice to defraud;

      (b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      (c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

      (A) any investment strategy or investment in securities,

      (B) the prospects for success of any product or company,

      (C) the use of investor funds,

      (D) compensation to any person,

      (E) Defendants' qualifications to advise investors; or

      (F) the misappropriation of investor funds or investment proceeds.

      **IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants,

employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**B. <u>Section 17(a) of the Securities Act of 1933</u>**

Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of investor funds,

(D) compensation to any person,

(E) Defendants' qualifications to advise investors; or

(F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### C. **Sections 206(1) and 206(2) of the Investment Advisers Act of 1940**

Defendants are permanently restrained and enjoined from violating, while acting as an investment adviser, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), 80b-6(2)], by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(1)     to employ any device, scheme, or artifice to defraud any client or prospective client; or

(2)     to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of client funds,

(D) compensation to any person,

(E) Defendants' qualifications to advise clients; or

(F) the misappropriation of client funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### D. Advisers Act Section 206(4) and Rule 206(4)-2

Defendant Third Friday is permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-2 thereunder [17 C.F.R. § 275.206(4)-2] while acting as an investment adviser to one or more pooled investment vehicles, by having custody of client assets unless it: (1) procures a surprise annual audit of custodial assets by an independent public accountant registered with and subject to regular inspection by the Public Company Oversight Accounting Board (PCAOB), or (2) distributes audited financial statements to each of its clients for whom custodial assets are maintained within 120 days of the end of its fiscal years.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant Third Friday's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Third Friday or with anyone described in (a).

### E.  Aiding and Abetting Violations of Advisers Act Section 206(4) and Rule 206(4)-2

Defendant Lewitt is permanently restrained and enjoined from aiding and abetting violations of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-2 thereunder [17 C.F.R. § 275.206(4)-2] by knowingly or recklessly providing substantial assistance to any person who, while acting as an investment adviser to one or more pooled investment vehicles, by having custody of client assets, unless the investment adviser:  (1) procures a surprise annual audit of custodial assets by an independent public accountant registered with and subject to regular inspection by the PCAOB, or (2) distributes audited financial statements to each of its clients for whom custodial assets are maintained within 120 days of the end of its fiscal years.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant Lewitt's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Lewitt or with anyone described in (a).

### F.  Advisers Act Section 206(4) and Rule 206(4)-8

Defendant Third Friday is permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8] while acting as an investment adviser to one or more pooled investment vehicles, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a)   to make untrue statements of material fact and omit to state material facts necessary to make statements made, in the light of the circumstances under which they were made, not misleading, to investors and prospective investors in a pooled investment vehicle; and

(b)   to engage in acts, practices, or courses of business that are fraudulent, deceptive, or manipulative with respect to investors or prospective investors in a pooled investment vehicle

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

(A) any investment strategy or investment in securities,

(B) the prospects for success of any product or company,

(C) the use of client funds,

(D) compensation to any person,

(E) Defendant Third Friday's qualifications to advise clients; or

(F) the misappropriation of client funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant Third Friday's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Third Friday or with anyone described in (a).

7

**G.  Aiding and Abetting Violations of Advisers Section 206(4) and Rule 206(4)-8**

Defendant Lewitt is permanently restrained and enjoined from aiding and abetting violations of Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8] by knowingly or recklessly providing substantial assistance to any person who, while acting as an investment adviser to one or more pooled investment vehicles, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

> (a)  to make untrue statements of material fact and omit to state material facts necessary to make statements made, in the light of the circumstances under which they were made, not misleading, to investors and prospective investors in a pooled investment vehicle; and

> (b)  to engage in acts, practices, or courses of business that are fraudulent, deceptive, or manipulative with respect to investors or prospective investors in a pooled investment vehicle

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

> (A) any investment strategy or investment in securities,

> (B) the prospects for success of any product or company,

> (C) the use of client funds,

> (D) compensation to any person,

8

(E) Defendants' qualifications to advise clients; or

(F) the misappropriation of client funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant Lewitt's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Lewitt or with anyone described in (a).

### H.   **Conduct-Based Injunction**

Defendant Lewitt, for a period of five (5) years following the date of entry of this Judgment, is restrained and enjoined from, directly or indirectly, including through any entity he owns or controls, (1) participating in the issuance, purchase, offer, or sale of any security provided, however, that such injunction shall not prevent Defendant Lewitt from purchasing or selling securities for his own personal account and (2) exercising control over any commercial enterprise or project that issues, purchases or sells securities to any person other than himself.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant Lewitt's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Lewitt or with anyone described in (a).

### I.   **Officer and Director Bar**

Defendant Lewitt, for a period of five (5) years following the date of entry of this Judgment, is prohibited from serving as an officer or director of any company that has a class of securities

9

registered with the Commission pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## II.   DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTY

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that upon motion of the Commission, the Court shall determine whether it is appropriate to order the Defendants to pay disgorgement of ill-gotten gains and/or civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)], and, if so, the amount(s) of the disgorgement and/or civil penalty.  If disgorgement is ordered, Defendants shall pay prejudgment interest thereon, calculated from March 31, 2020, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

### III.   BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendant Lewitt, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Lewitt under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Lewitt of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

### IV.   *INCORPORATION OF CONSENT*

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

### V.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**SIGNED** in Chambers, at West Palm Beach, Florida, this ___ day of April, 2024.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

11